UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| TORREY BARLOW, | * | |
| | * | |
| PLAINTIFF | * | CIVIL ACTION NO. 12-2248 |
| | * | |
| VERSUS | * | |
| | * | JUDGE ELDON E. FALLON |
| BP EXPLORATION & PRODUCTION, INC., | * | |
| BP AMERICA PRODUCTION COMPANY | * | MAG JUDGE KAREN W. ROBY |
| BP P.L.C., GLOBAL FABRICATIONS, LLC, | * | |
| LAWSON ENVIRONMENTAL SERVICE, | * | SECTION "L"(4) |
| LLC, ODYSSEA MARINE, INC., *in personam*, AND M/V ODYSSEA | * | |
| ATLAS, AND THEIR ENGINES, | * | |
| TACKLE, APPAREL, ETC., *in rem*, | * | |
| | * | |
| DEFENDANTS. | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**ORDER AND REASONS**

Pending before the Court is Defendants' motion for reconsideration, R. Doc. 72, of the Court's denial, R. Doc. 69, of Defendants' motion for summary judgment, R Doc. 57. Plaintiff Torrey Barlow filed a response in opposition, R. Doc 73. Having considered the parties' arguments and the applicable law, the Court rules as follows.

**I.   BACKGROUND**

This suit arises out of the April 20, 2010 explosion of the Mobile Offshore Drilling Unit ("MODU") Deepwater Horizon as it was in the process of abandoning a well, known as Macondo, it had drilled on the Outer Continental Shelf off the coast of Louisiana. R. Doc. 45 at 1. The explosion resulted in millions of gallons of crude oil being discharged into the Gulf of Mexico over 87 days (the "Oil Spill"). *Id.* Plaintiff Torrey Barlow ("Barlow") alleges that, as a

result of the negligent and reckless actions of Defendants in causing the Oil Spill, and the negligent and reckless actions of Defendants in failing to properly design and implement a response to the Oil Spill that would protect him from the discharge of oil and use of chemical dispersants, Plaintiff suffered acute and chronic injuries. *Id.* at 2.

Plaintiff alleges that during May, 2010 and the end of September, 2010, he performed clean-up and response activities from aboard the Supply Vessel Odyssea Atlas, which is presumably owned by Odyssea Marine, Inc., although this fact is not specified in Plaintiff's amended complaint. *Id.* at 4. Plaintiff further alleges that this supply vessel was leased, chartered, contracted for, and/or under the direction and control of Global Fabrications, LLC ("Global Fabrications") and Lawson Environmental Service, LLC ("Lawson") in the navigable waters of the Gulf of Mexico. *Id.* Allegedly, Global Fabrications and/or Lawson entered into a contract with BP Exploration and Production, Inc. and/or BP American Production Company (collectively, "BP") prior to May, 2010, in connection with BP's response and remedial actions to the Oil Spill. *Id.* Plaintiff avers that he and others aboard the Odyssea Atlas were responsible for transporting oil covered bags and booms, used in connection with the clean-up activities, from shrimp boats and other response vessels, and storing them in oil containment storage tanks. *Id.* Plaintiff avers that at all times material hereto, he lived onboard the Odyssea Atlas for periods of up to twenty-eight days, transported to multiple locations ranging from ten to fifteen miles offshore, and within twenty-five miles of the site of the Deepwater Horizon Explosion. *Id.*

Plaintiff alleges that he was provided only with rubber gloves, Tyvek suits, and steel toe boots while working aboard the Odyssea Atlas. *Id.* Plaintiff further alleges that Defendants Global Fabrications and Lawson assured him that additional protective equipment, such as face masks and respirators that could prevent the inhalation of toxic fumes from the crude oil and

cleaning dispersants, were not necessary, nor were they aboard the vessel. *Id.* Plaintiff also alleges that those Defendants failed to warn him of the dangers presented by crude oil and cleaning dispersants. *Id.* Plaintiff avers that, due to his exposure to toxic chemicals without proper protective equipment, he developed serious medical issues, including symptoms including, but not limited to, shortness of breath, chest pain, and severe cough. *Id.* at 5. Additionally, Plaintiff alleges he developed hemoptysis, bronchospasm, bronchitis, and chemical pneumonitis. *Id.*

Plaintiff states a claim for relief under the Jones Act against Defendants Lawson and Global Fabrication. *Id.* at 8. Plaintiff is stating a claim of breach of warranty of seaworthiness *in personam* against Defendants Odyssea Marine, Inc., Lawson, and Global Fabrications. *Id.* at 9. Plaintiff states multiple additional claims against other Defendants including BP, but they are not relevant to the present motion. *Id.* at 10-18.

In its response, Defendant Odyssea Marine avers that Plaintiff failed to state a claim for which relief can be granted and denies all allegations. R. Doc. 47 at 1. Defendant Lawson avers the same in its response and denies all allegations. R. Doc. 49 at 1. Defendant Global Fabrications, in its response, denies most of the allegations and avers that Plaintiff has failed to state a claim upon which relief can be granted. R. Doc. 50 at 10. Each of these Defendants also raises a number of affirmative defenses. R. Doc. 47; R. Doc. 49; R. Doc. 50.

II.   **PRESENT MOTION**

In their motion for summary judgment, Defendants alleged that (1) Plaintiff Barlow is not a seaman entitled to bring Jones Act and general maritime law seaworthiness claims; (2) Barlow has no viable unseaworthiness claim; (3) Barlow did not suffer any injury aboard the M/V Odyssea Atlas, and; (4) like the responder defendants in other cases related to the Deepwater

Horizon incident, the Mover-Defendants are entitled to be dismissed under the doctrines of derivative immunity, discretionary function immunity, and the implied conflict preemption doctrine. R. Doc. 57 at 1.

The Court denied the motion for summary judgment, holding that (1) Barlow is a Jones Act seaman; (2) there existed a genuine issue of material fact as to whether the M/V Odyssea Atlas was seaworthy; (3) there existed a genuine issue of material fact exists as to whether Barlow suffered injury while employed about the M/V Odyssea Atlas, and; (4) there existed a genuine issue of material fact as to whether Plaintiff's claims are preempted or barred by derivative immunity.

In their motion for reconsideration of that order, Defendants argue that (1) the Court's finding that Barlow is a Jones Act seaman, rather than merely that there existed a genuine issue of material fact as to Barlow's seaman status, was improper, and; (2) there is no genuine issue of material fact as to whether the M/V Odyssea Atlas was seaworthy.

### III.   APPLICABLE LAW

Rule 59(e) serves "'the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence.'" *Basinkeeper v. Bostick*, 663 F. App'x 291, 294 (5th Cir. 2016) (quoting *Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473 (5th Cir. 1989)). Generally, a motion to alter or amend a judgment filed under Rule 59(e) may be granted: "'(1) where there has been an intervening change in the controlling law; (2) where the movant presents newly discovered evidence that was previously unavailable; or (3) to correct a manifest error of law or fact.'" *Berezowsky v. Rendon Ojeda*, 652 F. App'x 249, 251 (5th Cir. 2016) (quoting *Demahy v. Schwarz Pharma, Inc.*, 702 F.3d 177, 182 (5th Cir. 2012)). However, a motion for reconsideration is "not the proper vehicle for rehashing evidence, legal theories, or arguments

that could have been offered or raised before the entry of judgment." *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004). "A Rule 59(e) motion should not be used to re-litigate prior matters that should have been urged earlier or that simply have been resolved to the movant's dissatisfaction." *Voisin v. Tetra Techs., Inc.*, 2010 WL 3943522 (E.D. La. Oct. 6, 2010).

## IV. DISCUSSION

### A. Seaman Status

Defendants complain that the Court found *sua sponte* that Barlow is a Jones Act seaman where Plaintiffs had not moved for summary judgment in return on that issue. They argue that under Rule 56(f), Defendants would need to be provided with notice and time to respond before the court might grant summary judgment in Plaintiff's failure on Barlow's status as a Jones Act seaman. However, as Plaintiff points out in his opposition to the instant motion, Defendants' entire motion for summary judgment hinged on whether or not Mr. Barlow was a Jones Act seaman. The Court could not have ruled on Defendants' motion for summary judgment without determining one way or another if Mr. Barlow was a Jones Act seaman. Both parties had the opportunity to, and, in fact, did, brief that issue extensively to aid the Court in its decision on Defendant's motion for summary judgment. Accordingly, Defendants' Rule 59(e) motion is denied on this issue.

### B. Seaworthiness

The Fifth Circuit has stated that, "[r]econsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly." *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004). "A Rule 59(e) motion should not be used to re-litigate prior matters that should have been urged earlier or that simply have been resolved to the movant's dissatisfaction."

*Voisin v. Tetra Techs., Inc.*, 2010 WL 3943522 (E.D. La. Oct. 6, 2010). In support of their Rule 59(e) motion, Defendants do not rely on newly discovered or previously unavailable evidence, nor an intervening change in the law, nor do they argue that reconsideration is necessary to prevent manifest injustice. *See Tucker v. Unitech Training Acad.*, Inc., 2017 WL 1284183 (E.D. La. Apr. 6, 2017). Accordingly, in order to prevail on their Rule 59(e) motion, Defendants would have to show that the Court committed manifest error in its denial of their motion for summary judgment on the basis that there existed a genuine issue of material fact as to whether the M/V Odyssea Atlas was seaworthy. However, Defendants present no new arguments as to this point, instead attempting "to re-litigate prior matters that . . . have been resolved to the [their] dissatisfaction." Accordingly, Defendants' motion for reconsideration is denied on this issue as well.

## V.   CONCLUSION

For the foregoing reasons, Defendants' Motion for Reconsideration is **DENIED**.

New Orleans, Louisiana this 28th day of September, 2022.

_____
UNITED STATES DISTRICT JUDGE